# EXHIBIT A

**MURRAY-NOLAN BERUTTI LLC**
Ronald A. Berutti, Esq.
N.J. Atty. I.D. No. 023361992
136 Central Avenue, 2nd Floor
Clark, New Jersey 07066
Phone: (908) 588-2111
*Attorneys for the Plaintiffs*
Our File No. 01278

|  |  |
|---|---|
| JOHN DOE and JANE DOE (said names being fictitious names to preserve confidentiality),<br><br>Plaintiffs,<br><br>v.<br><br>JON COHEN in his capacity as Board President of the Monmouth Regional High School Board of Education, and the MONMOUTH REGIONAL HIGH SCHOOL BOARD OF EDUCATION,<br><br>Defendants. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY**<br><br>*Civil Action*<br><br>Docket No. MON-L-2335-26<br><br>**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINTS.** |

THIS MATTER having been opened to the Court by Order to Show Cause seeking an interlocutory injunction on notice to defendant Jon Cohen in his capacity as Board President of the Monmouth Regional High School Board of Education, and the Monmouth Regional High School Board of Education, and the Court having reviewed the Verified Amended Complaint, dated June 16, 2026 and the letter brief in support of the Order to Show Cause, and it appearing that the plaintiffs John Doe and Jane Doe (said names being fictitious named to preserved confidentiality), and any papers filed by or on behalf of defendants, and for good cause shown:

IT IS, on this _____ day of June, 2026

ORDERED that on June ____, 2026, defendants Jon Cohen in his capacity as Board President of the Monmouth Regional High School Board of Education, and the Monmouth Regional High School Board of Education shall SHOW CAUSE at the Monmouth County

Courthouse, 71 Monument Street, Freehold, New Jersey, Courtroom \_\_\_\_\_ as to WHY an interlocutory injunction should not be entered restraining and enjoining the defendants, or anyone acting under them, from enforcing Board Policy 5145.7, or to promulgate any policy which accomplishes the same end of not fully informing fit parents and/or legal guardians of a minor child's expressed desire to gender-transition and/or failing to receive fit parents' and/or legal guardians' consent to gender-transition their minor child.

PENDING the return date of this Order to Show Cause, defendants are temporarily restrained and enjoined from enforcing Board Policy 5145.7, or promulgating any policy which accomplishes the same end of not fully informing fit parents and/or legal guardians of a minor child's expressed desire to gender-transition and/or failing to receive fit parents' and/or legal guardians' consent to gender-transition their minor child.

LET SERVICE of this Order to Show Cause, the Verified Complaint, and the letter brief in support thereof on _____, attorneys for defendants, within \_\_\_\_ days hereof be deemed good and sufficient service on defendants. Answering papers, if any, shall be filed and served on counsel for the plaintiffs on or before _____, 2026, and reply papers, if any, shall be filed and served on counsel for the defendants on or before _____, 2026.

The temporary restraint provided for herein shall continue until the further Order of this Court not to exceed 35 days after the date of issuance unless within such time this Court on good cause shown extends the time for a like period or unless defendants consent to an extension for a longer period.

_____

Honorable _____, J.S.C.

**MURRAY-NOLAN BERUTTI LLC**
Ronald A. Berutti
N.J. Atty. I.D. No. 023361992
136 Central Avenue, 2nd Floor
Clark, New Jersey 07066
Phone: (908) 588-2111
Attorneys for Plaintiffs
Our File No. 01278

| | |
|---|---|
| JOHN DOE and JANE DOE (said names being fictitious names to preserve confidentiality), <br><br> Plaintiffs, <br><br> v. <br><br> JON COHEN in his capacity as Board President of the Monmouth Regional High School Board of Education, and the MONMOUTH REGIONAL HIGH SCHOOL BOARD OF EDUCATION, <br><br> Defendants. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY** <br><br> *Civil Action* <br><br> Docket No. MON-L-2335-26 <br><br> **CERTIFICATION OF RONALD A. BERUTTI** |

RONALD A. BERUTTI, of full age, duly certifies as follows:

1.     I am a Member of Murray-Nolan Berutti LLC, attorneys for the plaintiffs. I am fully familiar with the facts set forth below. I make this Certification in support of the correspondence dated June 17, 2026.

2.     Attached hereto as **Exhibit A** is a true copy of the Verified Complaint and Jury Demand filed on June 16, 2026.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

*Ronald A. Berutti*

By:_____
    Ronald A. Berutti

Dated: June 17, 2026

1

# EXHIBIT A

**MURRAY-NOLAN BERUTTI LLC**
Ronald A. Berutti
N.J. Atty. I.D. No. 023361992
136 Central Avenue, 2nd Floor
Clark, New Jersey 07066
Phone: (908) 588-2111
Attorneys for Plaintiffs
Our File No. 01278

| | |
|---|---|
| JOHN DOE and JANE DOE (said names being fictitious names to preserve confidentiality),<br><br>Plaintiffs,<br><br>v.<br><br>JON COHEN in his capacity as Board President of the Monmouth Regional High School Board of Education, and the MONMOUTH REGIONAL HIGH SCHOOL BOARD OF EDUCATION,<br><br>Defendants. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY**<br><br>*Civil Action*<br><br>Docket No.<br><br>**VERIFIED COMPLAINT and JURY DEMAND** |

The plaintiffs, JOHN DOE and JANE DOE, said names being fictitious names to protect the privacy of their minor child, by their attorneys Murray-Nolan Berutti LLC, with knowledge as to their own acts, and on information and belief as to all others, as and for their Verified Complaint allege as follows:

## FACTS COMMON TO ALL COUNTS.

A. *Underlying Facts.*

1.     The plaintiffs are the fit parents of a minor child ("Child Doe") who is a biological female attending 9th Grade at Monmouth Regional High School.

2.     Jon Cohen is the President of the Monmouth Regional High School Board of Education, which is located at 1 Norman J. Field Way, Tinton Falls, Monmouth County, New Jersey 07724, and is being sued in his official capacity only.

3.     Defendant Monmouth Regional High School Board of Education (the "Board") is

1

a legally formed board of education under New Jersey law which is responsible for operation of the Monmouth Regional High School District school system, and is located at 1 Norman J. Field Way, Tinton Falls, Monmouth County, New Jersey 07724.

4. The plaintiffs inadvertently learned that (while at school) Child Doe expressed a desire to be identified as a male.

5. Ever since, Child Doe has been treated as a male at school with staff using male pronouns and calling her by a boy's name, which is not her given legal name.

6. Defendants promulgated, adopted, and enforce Board Policy 5145.7 which, among other things, provides that school personnel are prohibited from disclosing to fit parents and/or guardians that their minor child wishes to be treated as other than her biological sex while at school, and requires that the school district maintain records identifying the child by his or her chosen name, rather than his or her given legal name, and that the child be referred to by his or her preferred pronouns. Moreover, there is no opt out provision to Board Policy 5145.7 for children whose fit parents and/or legal guardians have religious objections thereto.

7. Consequently, without any knowledge or consent of the plaintiffs, defendants were enforcing a policy in which they had Child Doe living a double life, one as a female at home and one as a male at school.

8. Upon learning that Child Doe was being treated as a male while at school, in accordance with Board Policy 5145.7, John Doe and Jane Doe objected to such treatment school administrators and teachers, asserting that such treatment of their child violated their parental rights and their First Amendment and New Jersey constitutional rights given that they had religious objections to such conduct by the Board and its employees.

9. Despite such objections, defendants have not revoked Board Policy 5145.7 and the Board and its employees have failed and refused to yield to the demands of John Doe and Jane

2

MON-L-002335-26   06/17/2026 4:09:55 PM   Pg 5 of 20   Trans ID: LCV20261628773
Case 3:26-cv-08379-MAS-JTQ   Document 1-1   Filed 07/08/26   Page 8 of 35 PageID: 15

MON-L-002335-26   06/16/2026 2:29:57 PM   Pg 3 of 16   Trans ID: LCV20261605929

Doe that Child Doe be called by her biological name, that her biological pronouns be used, and that her school records reflect only that she is known by her given name, which is recognized by the State of New Jersey as being her legal name.

10.     Indeed, Child Doe is ineligible due to her being under age 18 to seek a legal name change in accordance with *N.J.S.A.* 2A:52-1, and no legal petition has been made to any Court by either John Doe or Jane Doe to seek a change of Child Doe's name, such that defendants are in violation of State statute by using Child Doe's desired name in public school and in its official records.

11.     On March 2, 2026, the United States Supreme Court decided *Mirabelli v. Bonta,* 146 S.Ct. 797 (2026), which held that a public school's policy of gender-transitioning minor children without full disclosure to the fit parents or guardians of such child, and without their knowing consent, likely violates long-established parental rights under the Fourteenth Amendment of the United States Constitution and, to the extent a parent has a religious objection, the First Amendment Free Exercise clause in the absence of an opt-out to the official policy for objecting parents.

12.     The New Jersey Civil Rights Act ("CRA"), *N.J.S.A.* 10:6-2(c), is co-extensive with federal civil rights law, 42 U.S.C. §1983, and provides in pertinent part, "Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief ..."

B.     *Gender Transitioning and Dysphoria.*

3

MON-L-002335-26 06/17/2026 4:09:55 PM Pg 6 of 20 Trans ID: LCV20261628773
Case 3:26-cv-08379-MAS-JTQ Document 1-1 Filed 07/08/26 Page 9 of 35 PageID: 16

MON-L-002335-26 06/16/2026 2:29:57 PM Pg 4 of 16 Trans ID: LCV20261605929

13. Gender transitioning is a psychotherapeutic intervention and is not a neutral act.

14. Gender dysphoria, which is closely associated with gender transitioning, is considered a serious mental-health condition which requires professional help.

15. The United States Supreme Court has held that "[g]ender dysphoria is a condition that has an important bearing on a child's mental health, but when a child exhibits symptoms of gender dysphoria at school," and the State's "policies conceal that information from parents and facilitate a degree of gender transitioning during school hours," such "policies likely violate parents' rights to direct the upbringing and education of their children." *Mirabelli v. Bonta*, 146 S. Ct. 797, 803 (2026).

16. Studies demonstrate that a large percentage of children who are gender transitioned are autistic and/or obsessive compulsive, and that children with psychiatric conditions and/or who are neuro-diverse are more likely to commit suicide, such that the mistaken belief that a child has gender dysphoria, as opposed to a treatable psychiatric condition, may be dangerous and even life-threatening to the child.

17. Indeed, at least one study has found that a significant majority of children diagnosed with gender dysphoria have at least one mental health or neurodevelopmental issue.

18. A comprehensive survey of numerous studies released by the American College of Pediatricians, found as follows regarding mental health problems among transgender adolescents:

> Adolescents who have a gender identity not congruent with their biological sex have an increased incidence of mental health issues, including depression and suicidal ideation. Both before and after "gender affirming therapy" (GAT), adolescents who have gender identity incongruence are at higher risk for psychopathology than their peers who identify with their biological sex. Previous adverse childhood experiences may play a major role in that psychopathology and needs to be explored in helping these patients. There are no long-term studies demonstrating benefits nor studies evaluating risks associated with the medical and surgical interventions provided to these adolescents. There is no long-term evidence that mental health concerns are decreased or alleviated after "gender affirming therapy." Many individuals who have been treated with "GAT" later regret those interventions and seek to align their gender identity with their sex.

4

Because of the risks of social, medical, and surgical interventions, many European countries are now cautioning against these interventions while encouraging mental health therapy:

*https://acpeds.org/mental-health-in-adolescents-with-incongruence-of-gender-identity-and-biological-sex/*

19. A recent and comprehensive study in Finland regarding mental health outcomes in adolescents looked at *every single* transgender-identifying Finnish person *over the last thirty years* compared to non-transgender persons. Among the findings were the following:

Psychiatric needs do not subside after medical gender reassignment . . . These adolescents had markedly higher psychiatric morbidity than controls before and after referral, with treatment needs often persisting and even intensifying after medical interventions--on some, they might even have a negative impact.

*(https://onlinelibrary.wiley.com/doi/10.1111/apa.70533).*

20. Further, in 2016, the National Institutes of Health published a study which concluded that most adolescents desist from gender dysphoria if they do not gender transition. *https://pubmed.ncbi.nlm.nih.gov/26754056/*

C. *The Harm to the Plaintiffs.*

21. Parents and legal guardians are legally presumed to be fit in the absence of a judicial decree to the contrary.

22. Every child is legally known by the State by that child's given name at birth in the absence of a Court Order to the contrary, thus bestowing a right on the parents and/or guardians who named that child to have their child called by such name.

23. The plaintiffs each have religious objections to policies which permit schools to gender transition minor children, and Child Doe in particular, without notice to, or fully informed consent of, the minor children's fit parents and/or legal guardians in violation of their long-standing fundamental First Amendment rights to the free exercise of their religion.

24. The plaintiffs each object to the policies which permit schools to gender transition

5

MON-L-002335-26   06/17/2026 4:09:55 PM   Pg 8 of 20   Trans ID: LCV20261628773
Case 3:26-cv-08379-MAS-JTQ   Document 1-1   Filed 07/08/26   Page 11 of 35 PageID: 18

MON-L-002335-26   06/16/2026 2:29:57 PM   Pg 6 of 16   Trans ID: LCV20261605929

minor children, and in particular Child Doe, without notice to, or fully informed consent of, the minor children's fit parents and/or legal guardians, since such policies violate their long-standing fundamental Fourteenth Amendment rights to have primary authority with respect to the upbringing and education of their children.

25.     The United States Constitution is the supreme law of the land such that no state law, or school district policy, can take precedence over the plaintiffs' fundamental constitutional rights. Consequently, any official policy of defendants which provides that minor children may or must be permitted to gender transition in public school without notice to, or fully informed consent of, their fit parents and/or legal guardians is unconstitutional in that it violates the fundamental First Amendment rights of religious objectors and Fourteenth Amendment parental rights of all fit parents and guardians, and specifically the plaintiffs themselves in this instance.

26.     There is no compelling governmental interest that supports defendants' Policy 5145.7, and even if such a compelling governmental interest existed, which is denied, the least restrictive means are not used to enforce Board Policy 5145.7 such that it must be stricken as being unconstitutional under the First and Fourteenth Amendments of the United States Constitution.

## FIRST COUNT
### (CRA –Due Process/Parental Rights)

27.     The plaintiffs repeat and reassert each and every allegation above as is fully set forth herein at length.

28.     Defendants knowingly committed a constitutional tort by promulgating, adopting, and enforcing an official policy which requires and/or permits the gender transitioning of minor children without notice to fit parents and/or legal guardians, including the plaintiffs, and without their fully informed consent, so as to frustrate long-established constitutional Due Process Parental Rights under the Fourteenth Amendment of the United States Constitution, in violation of the CRA.

6

29. Such constitutionally tortious conduct was undertaken by defendants as a matter of public policy, custom, and practice under color of law in violation of the CRA.

30. There is no compelling, significant, or other reasonable governmental interest in any state actor to gender transition minor children in violation of the plaintiffs' fundamental constitutional rights as aforesaid, and the acts of all defendants in such regard otherwise are arbitrary, capricious, and/or irrational.

31. Defendants' Policy 5145.7 violates the United States Constitution's Fourteenth Amendment, and is causing continuous and irreparable harm to the plaintiffs' parental right and otherwise is inequitable, such that the plaintiffs are likely to succeed on the merits.

32. The balance of hardships to the plaintiffs, who are fit parents whose fundamental constitutional rights are being harmed, is much greater than any that may be suffered by defendants which, given their constitutional violations and the danger presented to children of fit parents and/or legal guardians, is non-existent.

33. The public interest demands that the fundamental Fourteenth Amendment constitutional rights of fit parents and/or legal guardians such as the plaintiffs to prevail over defendants' desire to advance defendants' social engineering goals.

34. By their actions, defendants have acted under color of law to deprive the plaintiffs and all fit parents and/or legal guardians of minor children of the rights, privileges, or immunities secured by the Fourteenth Amendment of the United States Constitution and have caused and continue causing the plaintiffs to suffer irreparable harm.

35. Given the breadth of New Jersey's protection of substantive due process rights under the New Jersey Constitution, defendants' Board Policy 5145.7 also violates the plaintiffs' rights under the New Jersey Constitution.

MON-L-002335-26   06/17/2026 4:09:55 PM   Pg 10 of 20   Trans ID: LCV20261628773
Case 3:26-cv-08379-MAS-JTQ   Document 1-1   Filed 07/08/26   Page 13 of 35 PageID: 20

MON-L-002335-26   06/16/2026 2:29:57 PM   Pg 8 of 16   Trans ID: LCV20261605929

36.    By their actions, defendants have caused irreparable and grievous harm to the plaintiffs including, without limitation, interference with family relations and child rearing, economic loss including loss of enjoyment of life, emotional distress with physical manifestations, shame and humiliation, and lost trust in government.

WHEREFORE, the plaintiffs demand judgment in their favor, and against defendants, as follows:

A.    Compensatory damages as provided in the CRA;

B.    Punitive damages, to the extent that such damages are recoverable under the CRA;

C.    Attorneys' fees and costs as permitted by the CRA;

D.    Permanently restraining and enjoining defendants, and anyone acting under them, from promulgating, adopting, and/or enforcing policies [including but not limited to defendants' Board Policy 5145.7] that may deprive fit parents and/or legal guardians of fully informed notice and the right to provide fully informed consent of any form of gender transitioning of their minor children, in violation of the Fourteenth Amendment of the United States Constitution and the New Jersey Constitution's substantive due process provisions;

E.    All costs of suit including, without limitation, expert witness fees;

F.    Interest as allowed by law;

G.    Awarding such other and further relief as may be equitable and just.

## SECOND COUNT
### (CRA --Free Exercise)

37.    The plaintiffs repeat and reassert each and every allegation above as is fully set forth herein at length.

38.    Defendants knowingly committed a constitutional tort by creating an official policy that requires and/or permits the gender transitioning of minor children without notice to fit parents and/or legal guardians and without their fully informed consent so as to frustrate long-established

8

constitutional First Amendment Free Exercise rights under the United States Constitution, in violation of the CRA.

39. The New Jersey Constitution is fundamentally intended to protect the religious freedoms of the people of New Jersey, including the plaintiffs, as its Preamble provides, in pertinent part, "We, the people of the State of New Jersey, and looking to Him for a blessing upon our endeavors to secure and transmit the same unimpaired to succeeding generations, do ordain and establish this Constitution."

40. Not only does defendants' actions fly in the face of this fundamental principle, but conduct also violates *N.J. Const.* Art. I, sec. 3, which reads: "No person shall be deprived of the inestimable privilege of worshipping Almighty God in a manner agreeable to the dictates of his own conscience; nor under any pretense whatever be compelled to attend any place of worship contrary to his faith and judgment; nor shall any person be obliged to pay tithes, taxes, or other rates for building or repairing any church or churches, place or places of worship, or for the maintenance of any minister or ministry, contrary to what he believes to be right or has deliberately and voluntarily engaged to perform."

41. Such constitutionally tortious conduct was undertaken by defendants as a matter of public policy, custom, and practice under color of law in violation of the CRA.

42. There is no compelling, significant, or other reasonable governmental interest in any state actor to gender-transition minor children in violation of the plaintiffs' fundamental constitutional rights as aforesaid, and the acts of all defendants in such regard otherwise are arbitrary, capricious, and/or irrational.

43. The existence of defendants' Board Policy 5145.7 violates the United States Constitution's First Amendment and Article I, sec. 3 of the New Jersey Constitution, and is causing continuous and irreparable harm to the plaintiffs' First Amendment and New Jersey constitutional

9

MON-L-002335-26  06/17/2026 4:09:55 PM  Pg 12 of 20  Trans ID: LCV20261628773
Case 3:26-cv-08379-MAS-JTQ    Document 1-1    Filed 07/08/26    Page 15 of 35 PageID: 22

MON-L-002335-26  06/16/2026 2:29:57 PM  Pg 10 of 16  Trans ID: LCV20261605929

rights to freely worship, and otherwise is inequitable, such that the plaintiffs are likely to succeed on the merits, most particularly since defendants' Board Policy 5145.7 does not provide an opt out for fit parents and/or legal guardians who maintain religious objections to the same.

44.     The balance of hardships to the plaintiffs as fit parents and/or legal guardians whose fundamental constitutional rights are being harmed, is much greater than any that may be suffered by defendants which, given their constitutional violations and the danger presented to children of fit parents and/or legal guardians such as the plaintiffs, is non-existent.

45.     The public interest demands that the fundamental constitutional rights of fit parents and/or legal guardians such as the plaintiffs prevail over defendants' desire to advance social engineering goals or any other alleged reason such as child safety, especially since such social engineering goals or other reasons present potential danger to the well-being of minor children including Child Doe, who are deprived of their parents' and/or legal guardians' advice and support.

46.     By their actions, defendants have acted under color of law to deprive the plaintiffs and all fit parents and/or legal guardians of minor children of the rights, privileges, or immunities secured by the First Amendment of the United States Constitution and Art. I, sec. 3 of the New Jersey Constitution and have caused and continue causing the plaintiffs to suffer irreparable and grievous harm including, without limitation, interference with family relations and child rearing, economic loss including loss of enjoyment of life, emotional distress with physical manifestations, shame and humiliation, and lost trust in government.

WHEREFORE, the plaintiffs demand judgment in their favor, and against defendants, as follows:

A.     Compensatory damages as provided for in the CRA;

B.     Punitive damages, to the extent that such damages are recoverable under the CRA;

C.     Attorneys' fees and costs as permitted by the CRA;

D.    Permanently restraining and enjoining defendants, and anyone acting under them, from promulgating, adopting, and/or enforcing policies [including but not limited to defendants' Board Policy 5145.7] that may deprive fit parents and/or legal guardians of fully informed notice and the right to provide fully informed consent for any form of gender transitioning of their minor children, in violation of the First Amendment of the United States Constitution, and Art. I, sec. 3 of the New Jersey Constitution;

E.    All costs of suit including, without limitation, expert witness fees;

F.    Interest as allowed by law;

G.    Awarding such other and further relief as may be equitable and just.

## THIRD COUNT
### (CRA—Name Change)

46.    The plaintiffs repeat and reassert each and every allegation above as if fully set forth herein at length.

47.    Defendants have engaged and continue to engage in state action which deprives the plaintiffs of the protections afforded to fit parents and/or guardians by *N.J.S.A.* 2A:52-1, which precludes a minor child from applying for a name change and which has not been interpreted to allow a minor child to obtain a name change in the absence of a court Order.

48.    As a result thereof, by enforcing public policy which permits state actors to call Child Doe by a name other than her legal name given to her by the plaintiffs, and by creating official school records that identify Child Doe by her desired name as opposed to her legal name, defendants have knowingly deprived the plaintiffs of the protection of New Jersey law which protects their right to have their child legally recognized by her legally given name.

49.    By such conduct, defendants have violated the plaintiffs' privileges or immunities secured by laws of this State, in violation of the CRA.

11

MON-L-002335-26   06/17/2026 4:09:55 PM   Pg 14 of 20   Trans ID: LCV20261628773
Case 3:26-cv-08379-MAS-JTQ   Document 1-1   Filed 07/08/26   Page 17 of 35 PageID: 24

MON-L-002335-26   06/16/2026 2:29:57 PM   Pg 12 of 16   Trans ID: LCV20261605929

50.   Such illegal conduct was undertaken by defendants as a matter of public policy, custom, and practice under color of law.

51.   There is no compelling, significant, or other reasonable governmental interest in any state actor to use recognize a minor child by a name other than her legal name in public school, or to keep official records under that name which is not the child's legal name and the acts of defendants in such regard are otherwise arbitrary, capricious, and/or irrational.

52.   In so doing pursuant to the officially adopted and strictly enforced Board Policy 5145.7, defendants knowingly violated *N.J.S.A.* 2A:52-1 and, by extension, the CRA.

53.   The balance of hardships to the plaintiffs as fit parents and/or legal guardians whose fundamental rights to the privileges and immunities of New Jersey law are being harmed, is much greater than any that may be suffered by defendants which, given their statutory violations and the danger presented to children of fit parents and/or legal guardians such as the plaintiffs, is non-existent.

54.   The public interest demands that defendants comply with the law as written and not as they may desire it to be, so as only to recognize minor children such as Child Doe by their legal names.

55.   By their actions, defendants have acted under color of law to deprive the plaintiffs and all fit parents and/or legal guardians of minor children, of the rights, privileges, or immunities secured by New Jersey law, and have caused and continue to cause the plaintiffs to suffer irreparable and grievous harm including, without limitation, interference with family relations and child rearing, economic loss including loss of enjoyment of life, emotional distress with physical manifestations, shame and humiliation, and lost trust in government.

WHEREFORE, the plaintiffs demand judgment in their favor, and against defendants, as follows:

12

A.     Compensatory damages as provided for in the CRA;

B.     Punitive damages, to the extent that such damages are recoverable under the CRA;

C.     Attorneys' fees and costs as allowed by the CRA;

D.     Permanently restraining and enjoining defendants, and anyone acting under them, from promulgating, adopting, and/or enforcing policies [including but not limited to defendants' Board Policy 5145.7] that may deprive fit parents and/or legal guardians of fully informed notice and the right to provide fully informed consent for any form of gender transitioning of their minor children, in violation of the First Amendment of the United States Constitution, and Art. I, sec. 3 of the New Jersey Constitution;

E.     All costs of suit including, without limitation, expert witness fees;

F.     Interest as allowed by law;

G.     Awarding such other and further relief as may be equitable and just.

## JURY DEMAND

The plaintiffs demand a trial by jury of twelve (12) persons on all Counts so triable.

## DESIGNATION OF TRIAL COUNSEL

Ronald A. Berutti, Esq., is hereby designated as the plaintiffs' trial counsel pursuant *R.* 4:25-4.

## CERTIFICATION PURSUANT TO R. 1:38-7(c)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

## CERTIFICATION PURSUANT TO RULE 4:5-1

MON-L-002335-26    06/16/2026 2:29:57 PM    Pg 14 of 16    Trans ID: LCV20261605929

I certify that I am not aware of the matter in controversy being the subject of any other action pending in any court or arbitration forum. I certify that no such action or arbitration proceeding is presently contemplated.

## DEMAND FOR INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), the plaintiffs demand a true and complete copy of any and all insurance agreements under which any person or entity carry on an insurance business may be liable to satisfy all or any part of a Judgment including, but not limited to, general liability, employment practices, directors and officers, homeowners, excess and/or reinsurance.

**MURRAY-NOLAN BERUTTI LLC**
Attorney for Plaintiffs

*Ronald A. Berutti*

By:_____
Ronald A. Berutti

Dated: June 16, 2026

14

## **VERIFICATION**

JOHN DOE, of full age, verifies the following under penalty of perjury:

I have read the foregoing Complaint and know it to be true, except as to those actions of others and/or upon information and belief, which I believe to be true.

_____
John Doe

Dated: June ____, 2026

## **VERIFICATION**

JANE DOE, of full age, verifies the following under penalty of perjury:

I have read the foregoing Complaint and know it to be true, except as to those actions of others and/or upon information and belief, which I believe to be true.

_____
Jane Doe

Dated: June ____, 2026



_John Doe_

John Doe
Dated: June 15, 2026

## VERIFICATION

JANE DOE, of full age, verifies the following under penalty of perjury:

I have read the foregoing Complaint and know it to be true, except as to those actions of others and/or upon information and belief, which I believe to be true.

_Jane Doe_

Jane Doe
Dated: June 15, 2026

MON-L-002335-26   06/17/2026 4:09:55 PM   Pg 19 of 20   Trans ID: LCV20261628773
Case 3:26-cv-08379-MAS-JTQ   Document 1-1   Filed 07/08/26   Page 22 of 35 PageID: 29

MON-L-002335-26   06/16/2026 2:29:57 PM   Pg 1 of 2   Trans ID: LCV20261605929

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket# L-002335-26

**Case Caption:** DOE JOHN  VS COHEN JON
**Case Initiation Date:** 06/16/2026
**Attorney Name:** RONALD ANTHONY BERUTTI
**Firm Name:** MURRAY-NOLAN BERUTTI LLC
**Address:** 136 CENTRAL AVE 2ND FL
CLARK NJ 07066
**Phone:** 9085882111
**Name of Party:** PLAINTIFF : John Doe
**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** CIVIL RIGHTS
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: John Doe?** NO

**Are sexual abuse claims alleged by: Jane Doe?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Other(explain)   School Board/Parent

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO  Medical Debt Claim? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/16/2026
Dated

/s/ RONALD ANTHONY BERUTTI
Signed

# MURRAY-NOLAN BERUTTI LLC

## *Attorneys at Law*

**Partners**
Gwyneth K. Murray-Nolan (NJ, NY, DC)
Ronald A. Berutti (NJ, NY, KY)

**Reply to:** Ron**@MNBlawfirm.com**

**Associate**
Rebecca R. Petersen (NJ)

**Of Counsel**
Elise Potenta (NJ)
Beth Chambers (CO)

June 17, 2026

**<u>Via E-Courts</u>**
Clerk, Superior Court
Law Division
71 Monument Street
Freehold, New Jersey 07728

> **Re:    Doe v. Cohen et al.**
> **Docket No.: MON-L-2335-26**
> **Our File No. 01278**

Dear Sir/Madam,

This firm represents the plaintiffs John and Jane Doe (fictitious names to protect a minor child's identity). Please accept this letter in lieu of a more formal brief in support of the plaintiffs' application for an Order to Show Cause with temporary restraints against the Monmouth County Regional Board of Education and it President, Jon Cohen, in his official capacity.

## **<u>PRELIMINARY STATEMENT</u>**

Defendants' Policy 5145.7 (the "Policy") violates the United States Constitution by socially transitioning minor children in public school without notice to or the consent of the children's fit parents and/or legal guardians absent the student's consent. The United States Supreme Court recently held that i virtually identical policies likely violated long established parents' rights under the 14th Amendment and Free Exercise Clause rights under the First

**136 Central Avenue, 2nd Floor, Clark, New Jersey 07066 (908) 588-2111**
**30 Wall Street, 8th Floor, New York 10005 (212) 575-8500**
**(Please reply to NJ office)**

Clerk, Superior Court                                                    June 17, 2026

                                                                         Page 2

Amendment because parents with religious objections were not provided with an opportunity to opt out of the policy.

The plaintiffs, John and Jane Doe (the "Does") have a daughter ("Child Doe") who attends Monmouth County Regional High School ("MCRHS"). Child Doe apparently expressed a desire in school to be treated as a boy and did not consent to her parents being informed. Consequently, per the Policy, Child Doe began to be called by a boy's name, her official school records were changed to that boy's name, and she is recognized within the school district as a boy. However, the Does were never informed or consulted about this "social transitioning" of Child Doe and only found out by happenstance. Nor have the Does consented to such treatment of their daughter. Yet still, after repeatedly expressing objections to employees of the District to the social transitioning of their daughter in school, both due to their religious objections and in keeping with the constitutional parents' rights, defendants have failed and refused to yield. Instead, defendants continue having Child Roe officially treated as a boy over the Does' stated objections.

The Does have determined to bring suit under the New Jersey Civil Rights Act ("CRA"), *N.J.S.A.* 10:6-2, which is New Jersey's analog to 42 *U.S.C.* §1983. The CRA provides New Jerseyans with a civil rights remedy when federal or state constitutional rights are being violated, or if statutory rights are being violated.

In the present case, the Does sue under the CRA for three civil rights violations: First Count --14th Amendment Parents Rights; Second Count--First Amendment Free Exercise rights; and Third Count--violation of their statutory rights as parents to have the State recognize their minor child by that child's given name. As a matter of law, the Does are entitled to temporary restraints and a preliminary injunction pending the outcome of this action on the merits as to the first two Counts of the Complaint.

Clerk, Superior Court                                                          June 17, 2026

                                                                                 Page 3

## STATEMENT OF FACTS

The facts are fully set forth in the Verified Complaint filed herein. In the interest of brevity, they will not be repeated.

## LEGAL ARGUMENT

### POINT I

### THE DOES ARE ENTITLED TO A PRELIMINARY INJUNCTION AND A TEMPORARY RESTRAINING ORDER.

The United States Supreme Court recently found that a preliminary injunction is merited when a policy such as the Policy herein exists in public schools. The Supreme Court held that such policies likely violate the First and Fourteenth Amendment rights of fit parents and/or legal guardians, thus entitling them to a preliminary injunction. As a matter of law, a preliminary injunction is appropriate.

The standard for preliminary injunctive relief requires the moving parties to establish "(1) a likelihood of success on the merits; (2) irreparable harm; (3) a showing that on balance the harm to the moving party is greater than the harm to the party to be restrained; and (4) the public interest will not be harmed." *Matter of City of Newark*, 469 N.J. Super. 366, 387 (App. Div. 2021) (*citing Crowe v. De Gioia*, 90 N.J. 126, 132-34 (1982). "[D]eciding a preliminary injunction application 'involves a prediction of the probable outcome of the case' based on each party's initial proofs, usually limited to documents. *Brown v. City of Paterson*, 424 N.J. Super. 176, 182-183 (2012) (*quoting Rinaldo v. RLR Inv., LLC*, 387 N.J. Super. 387, 397 (App.Div.2006)). "While each of the above factors 'must be clearly and convincingly demonstrated,' a court 'may take a less rigid view than it would after a final hearing when the interlocutory injunction is merely designed to preserve the status quo.'" *Id.* at 183 (*quoting Waste Management of New Jersey, Inc. v. Union County Utilities Authority,* 399 N.J. Super. 508, 520 (2008)). "In exercising their equitable powers, courts

Clerk, Superior Court                                                 June 17, 2026

                                                                        Page 4

'may, and frequently do, go much farther both to give and withhold relief in furtherance of the

public interest than they are accustomed to go when only private interests are involved.'" *Id.* at

*Waste Management, supra,* 399 N.J. Super at 520-21 (*quoting Yakus v. United States*, 321 U.S.

414, 441 (1944)).

      This Court needs to look no further than *Mirabelli v. Bonta*, 146 S. Ct. 797, 803 (2026), to

determine that the Does are entitled to a preliminary injunction. In *Mirabelli,* the plaintiffs brought

claims under 42 U.S.C. §1983. *Mirabelli v. Bonta*, 2026 U.S. App. LEXIS 403, *5 (9th Cir.).

"[T]he CRA is New Jersey's analogue to §1983." *C.A.L. v. State*, 262 N.J. 600, 608 (2026). In

*Mirabelli*, the "plaintiffs alleged that California's policies permitted disclosure of a student's

gender transitioning at school only if the student consented. Plaintiffs claimed that such policies

violated their rights under the Free Exercise Clause of the First Amendment and the Due Process

Clause of the Fourteenth Amendment." *Mirabelli, supra,* 146 S. Ct. 800-01. The Supreme Court

found that the plaintiffs were entitled to a preliminary injunction as a matter of law, which is the

result that should occur here.

      *(1) Likelihood of Success.*

      In *Mirabelli*, the United States Supreme Court concluded "that the parents who seek

religious exemptions are likely to succeed on the merits of their Free Exercise Clause claim." *Id.*

at 802. The Supreme Court noted that such determination was made under a required "strict

scrutiny" analysis. *Id.* In applying strict scrutiny, the Supreme Court noted, [t]he State argues that

its policies advance a compelling interest in student safety and privacy … [which] cut out the

primary protectors of children's best interests: their parents." *Id.*

      Regarding Parents' Rights, the Supreme Court held that as with the Free Exercise Clause

claim, "[t]he same is true for the subclass of parents who object to those policies on due process

grounds," reasoning that "[u]nder long-established precedent, parents--not the State--have primary

Clerk, Superior Court                                                    June 17, 2026

                                                                              Page 5

authority with respect to 'the upbringing and education of children.'" *Id.* at 803 (*quoting Pierce v. Society of Sisters*, 268 U. S. 510, 534-535 (1925)). "The right protected … includes the right not to be shut out of participation in decisions regarding their children's mental health," which includes "[g]ender dysphoria." *Id.*

### *(2) Irreparable Harm.*

In *Mirabelli*, the Supreme Court held that "denial of plaintiffs' constitutional rights during the potentially protracted appellate process constitutes irreparable harm." *Id.* In making such determination, the Supreme Court cited *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U. S. 14, 19 (2020), which held that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." (Internal quotation omitted)).

### *(3) Balance of Equities and (4) Public Interest.*

In *Mirabelli*, when balancing the equities, the United States Supreme Court held that "equities do not justify depriving [the parents] of the District Court's judgment in their favor." *Id.* (quotation omitted). Specifically, the Supreme Court held that "[e]veryone agrees that children's safety is the overriding equity." *Id.* Consequently, and pertinent to both the balancing of equities and the "public interest" factor of *Crowe*, the Supreme Court held that "the injunction here promotes child safety by guaranteeing fit parents a role in some of the most consequential decisions in their children's lives. The injunction also permits the State to shield children from unfit parents by enforcing child-abuse laws and removing children from parental custody in appropriate cases." *Id.*

### CONCLUSION

Based on the foregoing, the plaintiffs have carried their burden by clear and convincing evidence that they are entitled to a preliminary injunction. All four factors of the *Crowe* test are satisfied by the Does as a matter of law, per *Mirabell.* In light of the important constitutional

Clerk, Superior Court                                                    June 17, 2026
                                                                           Page 6

questions involved regarding the First Amendment Free Exercise Clause and long-established

Fourteenth Amendment parents' rights--both of which require application of strict scrutiny should

defendants hope to succeed on the merits--a temporary restraining order should be entered. The

status quo is the protection of the Does' inalienable constitutional rights from the Policy, which is

no more than government overreach based on *Mirabelli*.

Respectfully submitted,

**MURRAY-NOLAN BERUTTI LLC**

*Ronald A. Berutti*

By:_____

Ronald A. Berutti

RAB/ad

**MURRAY-NOLAN BERUTTI LLC**
Ronald A. Berutti
N.J. Atty. I.D. No. 023361992
136 Central Avenue, 2ⁿᵈ Floor
Clark, New Jersey 07066
Phone: (908) 588-2111
Attorneys for Plaintiffs
Our File No. 01278

| | |
|---|---|
| JOHN DOE and JANE DOE (said names being fictitious names to preserve confidentiality),<br><br>Plaintiffs,<br><br>v.<br><br>JON COHEN in his capacity as Board President of the Monmouth Regional High School Board of Education, and the MONMOUTH REGIONAL HIGH SCHOOL BOARD OF EDUCATION,<br><br>Defendants. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY**<br><br>*Civil Action*<br><br>Docket No. MON-L-2335-26<br><br>**CERTIFICATE OF SERVICE** |

I, AMANDA DECLERICO, of full age, duly certifies as follows:

1.     I am a paralegal to the law firm of Murray-Nolan Berutti LLC, attorneys for plaintiffs in the above-captioned action.

2.     On the date indicated below, I emailed the following:

- Verified Complaint and Jury Demand;

- Order to Show Cause;

- Letter Brief; and

- Attached letter to the following:

Jon Cohen, Board President (jcohen@monmouthregional.net; boe@monmouthregional.net);

Brian Evans, Superintendent (bevans@monmouthregional.net); and the District's Board

Members, i.e. Joseph Bruccoleri (jbruccoleri@monmouthregional.net), Jim Convery

(jconvery@monmouthregional.net), Ketsia Beaubrun (kbeaubrun@monmouthregional.net),

1

Barbara Van Wagner (bvanwagner@monmouthregional.net), Anthony Gaetano (agaetano@monmouthregional.net), Joseph Ruscavage (jruscavage@monmouthregional.net) and Mary Anne Linder (mlinder@monmouthregional.net).

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Amanda DeClerico*

_____
Amanda DeClerico

Dated: June 17, 2026

2

# MURRAY–NOLAN BERUTTI LLC
## *Attorneys at Law*

**Partners**
Gwyneth K. Murray-Nolan (NJ, NY, DC)
Ronald A. Berutti (NJ, NY, KY)

**Reply to:** Ron@MNBlawfirm.com

**Associate**
Rebecca R. Petersen (NJ)

**Of Counsel**
Elise Potenta (NJ)
Beth Chambers (CO)

June 17, 2026

**Via Email (jcohen@monmouthregional.net; boe@monmouthregional.net)**
Jon Cohen
Board of Education President
Monmouth Regional High School Board of Education
1 Normal J. Field Way
Tinton Falls, New Jersey 07724

> **Re:** **Doe v. Cohen et al.**
> **Docket No.: MON-L-2335-26**
> **Our File No. 01278**

Dear Mr. Cohen,

Please be advised that this firm represents the plaintiffs in the above-referenced matter. Attached please find a copy of an Order to Show Cause, Certification of Ronald A. Berutti and letter brief. The Verified Complaint was filed yesterday, June 16, 2026, and a letter brief. We will be filing this application for an Order to Show Cause today. Consequently, you should immediately provide a copy to your Board attorney who should contact me. My cell number is 973-495-1826 should I not be reachable at the below.

Thank you.

Very Truly Yours,

**MURRAY-NOLAN BERUTTI LLC**

*Ronald A. Berutti*

By:_____
Ronald A. Berutti

RAB/ad
Enclosure

Cc:  Brian Evans, Superintendent (via email bevans@monmouthregional.net)
Joseph Bruccoleri, Board Member (via email jbruccoleri@monmouthregional.net)

**136 Central Avenue, 2ⁿᵈ Floor, Clark, New Jersey 07066 (908) 588-2111**
**30 Wall Street, 8ᵗʰ Floor, New York 10005 (212) 575-8500**
**(Please reply to NJ office)**

Jon Cohen

June 17, 2026

Page 2

Jim Convery, Board Member (via email jconvery@monmouthregional.net)
Ketsia Beaubrun, Board Member (via email kbeaubrun@monmouthregional.net)
Barbara Van Wagner, Board Member (via email bvanwagner@monmouthregional.net)
Anthony Gaetano, Board Member (via email agaetano@monmouthregional.net)
Joseph Ruscavage, Board Member (via email jruscavage@monmouthregional.net)
Mary Anne Linder, Board Member (via email mlinder@monmouthregional.net)

MON-L-002335-26   06/24/2026   Pg 1 of 2   Trans ID: LCV20261677112

Case 3:26-cv-08379-MAS-JTQ 06/17/2026 Document 1-1 Filed 07/08/26 Page 34 of 35 PageID: 41 MON-L-002335-26 06/17/2026 4:09:05 PM Pg 1 of 2 Trans ID: LCV20261628573

**MURRAY-NOLAN BERUTTI LLC**
Ronald A. Berutti, Esq.
N.J. Atty. I.D. No. <u>023361992</u>
136 Central Avenue, 2nd Floor
Clark, New Jersey 07066
Phone: (908) 588-2111
*Attorneys for the Plaintiffs*
Our File No. 01278



F I L E D
JUN 24 2026
Marc C. Lemieux, A.J.S.C.

| | |
|---|---|
| JOHN DOE and JANE DOE (said names being fictitious names to preserve confidentiality),<br><br>                          Plaintiffs,<br><br>v.<br><br>JON COHEN in his capacity as Board President of the Monmouth Regional High School Board of Education, and the MONMOUTH REGIONAL HIGH SCHOOL BOARD OF EDUCATION,<br><br>                          Defendants. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY**<br><br>*Civil Action*<br><br>Docket No. MON-L-2335-26<br><br>**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINTS.** |

THIS MATTER having been opened to the Court by Order to Show Cause seeking an interlocutory injunction on notice to defendant Jon Cohen in his capacity as Board President of the Monmouth Regional High School Board of Education, and the Monmouth Regional High School Board of Education, and the Court having reviewed the Verified Amended Complaint, dated June 16, 2026 and the letter brief in support of the Order to Show Cause, and it appearing that the plaintiffs John Doe and Jane Doe (said names being fictitious named to preserved confidentiality), and any papers filed by or on behalf of defendants, and for good cause shown:

IT IS, on this **24th** day of June, 2026

ORDERED that on ~~June    , 2026,~~ **August 5, 2026 at 10:00 AM** defendants Jon Cohen in his capacity as Board President of the Monmouth Regional High School Board of Education, and the Monmouth Regional High School Board of Education shall SHOW CAUSE at the Monmouth County

Courthouse, 71 Monument Street, Freehold, New Jersey, Courtroom <u>307W</u> as to WHY an interlocutory injunction should not be entered restraining and enjoining the defendants, or anyone acting under them, from enforcing Board Policy 5145.7, or to promulgate any policy which accomplishes the same end of not fully informing fit parents and/or legal guardians of a minor child's expressed desire to gender-transition and/or failing to receive fit parents' and/or legal guardians' consent to gender-transition their minor child.

PENDING the return date of this Order to Show Cause, defendants are temporarily restrained and enjoined from enforcing Board Policy 5145.7, or promulgating any policy which accomplishes the same end of not fully informing fit parents and/or legal guardians of a minor child's expressed desire to gender-transition and/or failing to receive fit parents' and/or legal guardians' consent to gender-transition their minor child.

LET SERVICE of this Order to Show Cause, the Verified Complaint, and the letter brief in support thereof on Jon Cohen + Monmouth Regional High School Board of Education's , attorneys for defendants, within 1 days hereof be deemed good and sufficient service on defendants. Answering papers, if any, shall be filed and served on counsel for the plaintiffs on or before July 9th , 2026, and reply papers, if any, shall be filed and served on counsel for the defendants on or before July 23RD , 2026.

The temporary restraint provided for herein shall continue until the further Order of this Court not to exceed 35 days after the date of issuance unless within such time this Court on good cause shown extends the time for a like period or unless defendants consent to an extension for a longer period.

Honorable , J.S.C.

HONORABLE MARC C. LEMIEUX, A.J.S.C.