UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN DOE, *et al.*,

                   Plaintiffs,

               v.

JOHN COHEN, *et al.*,

                   Defendants.

Civil Action No. 26-8379 (MAS) (JTQ)

**ORDER TO SHOW CAUSE**

This matter comes before the Court upon its *sua sponte* review of whether it has subject matter jurisdiction over this action. *See, e.g., Perry v. Gonzales*, 472 F. Supp. 2d 623, 626 (D.N.J. Feb. 1, 2007) ("[L]ack of subject matter jurisdiction may be raised by the Court *sua sponte* at any time." (citations omitted)); *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) (noting that a district court is compelled "to address the question of jurisdiction, even if the parties do not raise the issue"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, Plaintiffs John Doe and Jane Doe ("Plaintiffs"), who wish to proceed anonymously, brought their initial Complaint in the Superior Court of New Jersey, Law Division, Monmouth County, asserting three causes of action under the New Jersey Civil Rights Act (the NJCRA"). (*See generally* Compl., ECF No. 1-1.) Defendants John Cohen ("Cohen") and Monmouth Regional High School Board of Education (the "Board" and collectively with Cohen, "Defendants") subsequently removed the matter to this Court on the basis that "[a]lthough Plaintiffs caption the . . . [c]ounts as claims in violation of the [NJCRA], [P]laintiffs throughout the [V]erified [C]omplaint allege violations of federal law, specifically a Fourteenth Amendment

substantive due process parental rights claim and First Amendment free exercise claim." (Not. of Removal ¶ 2, ECF No. 1.) On July 10, 2026, Plaintiffs filed a Motion to Remand arguing that "federal jurisdiction is non-existent such that remand is appropriate." (Pls.' Moving Br. 3-6, ECF No. 5-4.) Thereafter, Plaintiffs sought to withdraw their Motion to Remand. (*See* Pls.' Correspondence, ECF No. 7.)

"Federal courts are courts of limited jurisdiction" and they "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Moreover, "federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction[.]" *Liberty Mut. Ins. Co.*, 48 F.3d at 750. "[S]ubject-matter jurisdiction is proper in this Court in one of two ways: (1) by alleging a federal question on the face of the [c]omplaint; or (2) through diversity jurisdiction wherein the plaintiff brings [her] causes of action against [] defendant[s] from another state and seeks greater than $75,000 in damages." *Kissi v. Sarkodie*, No. 23-22852, 2024 WL 5075580, at *1 (D.N.J. Dec. 11, 2024) (citation omitted); *see also* 28 U.S.C. § 1331 (setting forth what is required for federal question jurisdiction); 28 U.S.C. § 1332 (setting forth what is required for diversity jurisdiction). The burden of establishing subject matter jurisdiction rests on the party asserting it. *Kokkonen*, 511 U.S. at 377.

Plaintiffs, parents of a minor child who attends school at Monmouth Regional High School, bring claims against Cohen, the President of the Board, and the Board, which is organized under New Jersey law and is located in Tinton Falls, New Jersey. (Compl. ¶¶ 1-3.) The Complaint does not allege any facts to establish diversity between the parties. (*See generally id.*); 28 U.S.C. § 1332. Moreover, the causes of action raised state that they are brought pursuant to the NJCRA (*see generally* Compl.), and Plaintiffs made arguments to this Court, that they now seek to withdraw, that remand is appropriate because this Court lacks jurisdiction (*see generally* Pls.' Moving Br.).

2

In light of the causes of action identified in the Complaint and Plaintiffs' affirmative statements that the Court does not have jurisdiction, the Court is not satisfied on the present record before it that it has subject matter jurisdiction. The Court, therefore, orders Plaintiffs to show cause as to why it has subject matter jurisdiction over the matter.

IT IS, on this **3ʳᵈ** day of August 2026, **ORDERED** as follows:

1.      Within **fourteen-days (14) days** of this Order, Plaintiffs shall show cause by e-filed submission as to why this action should not be remanded for lack of subject matter jurisdiction.

2.      The Clerk is directed to **ADMINISTRATIVELY TERMINATE** the following motions: (1) Plaintiffs' Motion to Remand (ECF No. 5); (2) Plaintiffs' Motion for an Order to Show Cause Seeking Emergent Relief, Including Temporary Restraints (ECF No. 8); and (3) Motion to Intervene by the State of New Jersey (ECF No. 9), pending the Court's review of Plaintiffs' response to this Order.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

3