**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN DOE, *et al.*,<br><br>                   Plaintiffs,<br><br>         v.<br><br>JOHN COHEN, *et al.*,<br><br>                Defendants. | Civil Action No. 26-8379 (MAS) (JTQ)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon its review of Plaintiffs John Doe and Jane Doe's ("Plaintiffs") response (Pls.' Decl., ECF No. 11) to the Court's Order to Show Cause (O.S.C., ECF No. 10) as to why this Court has subject matter jurisdiction. In light of Plaintiffs' response, the Court finds that remand is appropriate.

Plaintiffs, who wish to proceed anonymously, brought their initial Complaint in the Superior Court of New Jersey, Law Division, Monmouth County, asserting three causes of action under the New Jersey Civil Rights Act (the "NJCRA"). (*See generally* Compl., ECF No. 1-1.) Defendants John Cohen ("Cohen") and Monmouth Regional High School Board of Education (the "Board" and collectively with Cohen, "Defendants") subsequently removed the matter to this Court on the basis that "[a]lthough Plaintiffs caption the . . . [c]ounts as claims in violation of the [NJCRA], [P]laintiffs throughout the [V]erified [C]omplaint allege violations of federal law, specifically a Fourteenth Amendment substantive due process parental rights claim and First Amendment free exercise claim." (Not. of Removal ¶ 2, ECF No. 1.) On July 10, 2026, Plaintiffs

filed a Motion to Remand arguing that "federal jurisdiction is non-existent such that remand is appropriate." (Pls.' Moving Br. 3-6, ECF No. 5-4.) Thereafter, Plaintiffs sought to withdraw their Motion to Remand. (*See* Pls.' Correspondence, ECF No. 7.)

On August 3, 2026, the Court issued an Order to Show Cause, directing Plaintiffs to show cause as to why the Court has jurisdiction "[i]n light of the causes of action identified in the Complaint and Plaintiffs' affirmative statements that the Court does not have jurisdiction[.]" (O.S.C. 3.) In response, Plaintiffs represented that they "believe that this matter is more appropriately venued in the Superior Court of New Jersey" and Plaintiffs' counsel represented that he "personally do[es] not believe that the [r]emoval statute is intended to be so broad" as to cover Plaintiffs' claims which are based on the NJCRA. (Pls.' Decl. ¶¶ 5, 7.) Plaintiffs, however, represented that they "chose to accept that this Court had subject matter jurisdiction over . . . *[P]laintiff[s'] state law claims*[.]" (*Id.* ¶ 8 (emphasis added).)

The Court has its own obligation to ensure it has jurisdiction and is permitted to *sua sponte* review whether it has subject matter jurisdiction over an action. *See, e.g., Perry v. Gonzales*, 472 F. Supp. 2d 623, 626 (D.N.J. Feb. 1, 2007) ("[L]ack of subject matter jurisdiction may be raised by the Court *sua sponte* at any time." (citations omitted)); *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) (noting that a district court is compelled "to address the question of jurisdiction, even if the parties do not raise the issue"). Moreover, for cases that have been removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Removal statutes are 'strictly construed against removal and all doubts should be resolved in favor of remand.'" *Pepitone v. Target Corp.*, No. 24-236, 2024 WL 4238701, at *2 (D.N.J. Sep.

2

18, 2024) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

Plaintiffs are "'the master[s] of the [C]omplaint,' and therefore control[] much about [their suit. . . . [They] get[] to determine which substantive claims to bring . . . [a]nd in doing so, [they] can establish—or not—the basis for a federal court's subject matter jurisdiction." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025). Here, Plaintiffs: (1) elected to bring only state law claims in their Complaint, which does not separately allege facts to establish diversity between the parties (*see generally* Compl.); (2) filed a motion to remand, which Plaintiffs subsequently sought to withdraw, that argued that remand was appropriate because this Court lacks jurisdiction (*see* Pls.' Moving Br. 3-6, ECF No. 5-4); and (3) responded to the Court's Order to Show Cause representing that they believe that the matter should be in the Superior Court of New Jersey and that they are solely bringing state law claims (*see* Pls.' Decl. ¶¶ 5, 8).

In light of Plaintiffs' claims and affirmative representations that they are only alleging state law claims, and considering that all doubts should be resolved in favor of remand, the Court finds that remand is appropriate here.

Based on the foregoing,

IT IS, on this _12th_ day of August 2026, **ORDERED** as follows:

1.    The Clerk of the Court shall remand this matter to the Superior Court of New Jersey, Law Division, Monmouth County.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

3